Milligan, J.,
delivered the opinion of the court.
This case stands on demurrer, which, for all the purposes of the question now presented, must be taken as admitting the averments in the petition. The claim is for the use and value of the river steamer Diana, of which the claimant avers he was the master and owner, and which was regularly enrolled under a coasting license, and plying in a regular coastwise trade up and down the Mississippi River. In April, 1862, after Admiral Farragut had passed the rebel forts, and approached the city of New Orleans, in command of the fleet of the United States Navy, the claimant, with the view of seeking the protection of the United States Government, cut his steamer from her moorings at New Orleans, without waiting to get up steam, floated down the river until steam was made, and then applying that force to his boat, met Admiral Farragut and claimed his protection for his person and property, and tendered to him the service of himself and boat for his and the Government’s use, which was accepted, and the boat put into the service of the United States, with the intention shortly thereafter to return it to the claimant. Under this arrangement, he retained the steamer until the 1st of June, 1862, when the service of the said boat being still required by the Government, she was turned over to Major General B. F. Butler, then commanding the military land forces of the United States at New Orleans, and a captain of his appointment placed in charge of the steamer, aud used by his orders as a transport and tug to October 1, 1862, when she was converted into a gunboat for war purposes, on the rivers and bayous of Louisiana, and so continued to be used by him until the 23d of March, 1863, when the boat was destroyed in an engagement with the rebel forces.
The ease thus made in the petition is claimed to be a case of *544 implied contract. It is not a case of land capture; and possibly not of maritime prize, for want of regular condemnation; * nor is it’ a case of tortuous taking. Tlie surrender was voluntary, and tbe acceptance and use of the boat without compensation to the claimant. -On these questions, however, some of which are of grave importance under our peculiar legislation, as well as the question which may arise on the proof, whether the surrender was to avoid an inevitable result, and in fraud of the Government’s right of capture, we express no authoritive opinion. The case made in the petition, in our judgment, is of sufficient importance to entitle the claimant to a full hearing-on the merits, and we therefore overrule the demurrer, and order the case to the general docket for proofs.

 Kent’s Com., eighth ed., 109, 110.